

1 MORGAN, LEWIS & BOCKIUS LLP
 REBECCA EISEN, SBN 96129
2 One Market, Spear Street Tower
 San Francisco, California 94105
3 Telephone: 415.442.0900
 Facsimile: 415.442.1001
4 email: reisen@morganlewis.com

5 MORGAN LEWIS & BOCKIUS LLP
 KATHY H. GAO, SBN 259019
6 300 South Grand Avenue, 22nd Floor
 Los Angeles, California 90071
7 Telephone: 213.612.2500
 Facsimile: 213.612.2501
8 email: kgao@morganlewis.com

9 Attorneys for Defendants
 ABERCROMBIE & FITCH, CO.,
10 ABERCROMBIE & FITCH STORES, INC.,
 AND ABERCROMBIE & FITCH TRADING
11 CO.

12

13

14



FILED
CLERK U.S. DISTRICT COURT

NOV 23 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY
BY

## UNITED STATES DISTRICT COURT

15

### CENTRAL DISTRICT OF CALIFORNIA

16

17 **CV11-09754** GAF (PJW)

18 AMBER ECHAVEZ, individually, and | CASE NO.
 on behalf of a class of similarly situated
19 individuals, | [Los Angeles County Superior Court
 | Case No. BC470326]
20 Plaintiff,
 | **DEFENDANTS ABERCROMBIE &**
21 vs. | **FITCH CO., ABERCROMBIE &**
 | **FITCH STORES, INC., AND**
22 ABERCROMBIE & FITCH, CO., INC.; | **ABERCROMBIE & FITCH**
 ABERCROMBIE & FITCH STORES, | **TRADING CO.'S NOTICE OF**
23 INC.; ABERCROMBIE & FITCH | **REMOVAL TO THE UNITED**
 TRADING CO.; and DOES 1 through | **STATES DISTRICT COURT FOR**
24 100, inclusive, | **THE CENTRAL DISTRICT OF**
 | **CALIFORNIA**
25 Defendants.
 | Diversity Jurisdiction and Jurisdiction
26 | Under the Class Action Fairness Act of
 | 2005
27 | [28 U.S.C. §§ 1332, 1441, 1446, and
 | 1453]

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DB2/ 22812096.1

1   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2   **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3         **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441,

4   1446, and 1453, Defendants Abercrombie & Fitch Co. (erroneously named

5   "Abercrombie & Fitch Co., Inc." in the Complaint), Abercrombie & Fitch Stores,

6   Inc., and Abercrombie & Fitch Trading Co. (collectively "Defendants" or

7   "Abercrombie") hereby remove the above-captioned action from the Superior Court

8   of the State of California, in and for the County of Los Angeles, to the United

9   States District Court for the Central District of California. This Court has original

10   subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a), as

11   complete diversity exists (Plaintiff is a citizen of California, while Defendants are

12   not California citizens) and the amount in controversy exceeds $75,000.

13         In addition, this Court has original subject matter jurisdiction under the Class

14   Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because

15   minimal diversity exists and the amount in controversy exceeds $5 million.

16   Removal is proper on the following grounds:

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22812096.1

2

## I.   BACKGROUND

On October 17, 2011, Plaintiff Amber Echavez ("Plaintiff" or "Echavez") filed this case in the Superior Court of California, County of Los Angeles, as a putative "class action under California Code of Civil Procedure section 382 and Federal Rule of Civil Procedure 23," and as a putative "representative action" under the California Labor Code Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq. ("PAGA") (A copy of the Summons, Complaint and cover sheet are attached hereto as Exhibit A).  The case is captioned Amber Echavez v. Abercrombie & Fitch Co., Inc., et al., Case No. BC470326.  Ex. A, Complaint ¶¶ 1, 10.

Plaintiff alleges that at all relevant times, she was employed by Abercrombie as a "retail sales employee." Ex A, Complaint ¶ 8.  Plaintiff alleges, on behalf of herself and a putative class of current and former Abercrombie employees, that Abercrombie "failed to provide its retail sales employees, including plaintiff, with suitable seating." Ex. A, Complaint ¶ 9.  Plaintiff contends that Abercrombie thus violated California Labor Code Section 1198 and Wage Order 7-2001, Section 14. Id. ¶ 1.  Plaintiff prays for penalties against Abercrombie pursuant to California Labor Code Section 2699(f), as well as attorneys' fees and costs.

On November 1, 2011, the Honorable Emilie H. Elias of the Superior Court of California for the County of Los Angeles designated the state case as non-complex.  See Court Order (Minutes) Regarding Non-Complex Designation (attached hereto as Ex. B).

## II.   THE REMOVAL IS TIMELY

This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days from October 27, 2011, the date upon which the first defendants to be served, Defendants Abercrombie & Fitch Stores, Inc. and Abercrombie & Fitch Trading Co., both received service of Plaintiff's Summons and Complaint.  See Proofs of Service of Summons (attached hereto as Ex. C.).  No

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22812096.1

3

1   previous Notice of Removal has been filed or made with this Court for the relief
2   sought herein.

3   **III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

4       **A.   This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).**

5         This Court has original subject matter jurisdiction over Plaintiff's claim
6   because there is complete diversity, and the amount in controversy exceeds
7   $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

8             **1.   Complete Diversity of Citizenship Exists.**

9       A federal court has diversity jurisdiction where there is complete diversity of
10  citizenship, i.e., where the citizenship of all plaintiffs is diverse from that of all
11  defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal
12  court under 1332 provided that no defendant is a citizen of the state in which the
13  action was brought.  28 U.S.C. § 1441(a), (b).  In this case, there is complete
14  diversity because Plaintiff is a citizen of California, and no Defendant is a citizen of
15  California.

16           **a.   *Plaintiff is a Citizen of California.***

17      "For purposes of diversity jurisdiction, an individual is a citizen of his or her
18  state of domicile, which is determined at the time the lawsuit is filed."  Armstrong
19  v. Church of Scientology Int'l, Nos. 98-17024, 99-15203, 2000 U.S. App. LEXIS
20  28085, at *3 (9th Cir. Nov. 8, 2000) (citing Lew v. Moss, 797 F.2d 747, 750 (9th
21  Cir. 1986)).  At the time of filing this action, Plaintiff represented that she is "an
22  individual residing in the state of California."  Ex. A, Complaint ¶ 2.
23  Abercrombie's records confirm that during the relevant time period, Plaintiff was
24  employed by Defendant Abercrombie & Fitch Stores, Inc. in its Hollister brand
25  stores in California, and that her last known address is in California.  Declaration
26  of Robert Nava ("Nava Decl.") ¶¶ 2, 3 (attached hereto as Exhibit D).  Accordingly,
27  for diversity purposes, Plaintiff is considered to be a citizen of California.
28  ///

**b.**   *Defendants Are Not Citizens of California.*

A corporation is considered to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192-93 (2010). This single location is often referred to as a corporation's "nerve center." Id.

Abercrombie & Fitch Co., erroneously named "Abercrombie & Fitch Co., Inc." in Plaintiff's Complaint, and also erroneously alleged to be an Ohio corporation in Plaintiff's Complaint, is a Delaware corporation. Abercrombie & Fitch Stores, Inc. and Abercrombie & Fitch Trading Co. are Ohio corporations. Ex. D, Nava Decl ¶ 4. All Defendants have their principal place of business in New Albany, Ohio. Ex. D, Nava Decl. ¶ 4. More specifically, all Defendants maintain their corporate headquarters in New Albany, Ohio, and their officers direct, control, and coordinate their business activities from New Albany, Ohio. Thus, New Albany, Ohio is the Defendants' "nerve center" for purposes of diversity jurisdiction. Therefore, Defendants are not citizens of the State of California. See Hertz, 130 S. Ct. at 1192-93.

Although Plaintiff has named 100 fictitiously named "Doe" defendants, the "Doe" defendants' citizenship is disregarded for the purpose of establishing removal jurisdiction. See 28 U.S.C. § 1441(a) ("[f]or the purposes of removal...the citizenship of defendants sued under fictitious names shall be disregarded.").

Accordingly, complete diversity exists because Plaintiff is a citizen of California and no Defendant is a citizen of California.

**2.   The Amount in Controversy Exceeds $75,000.**

For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and

/ / /

1  costs. 28 U.S.C. § 1332(a). The amount in controversy in this case far exceeds
2  $75,000.

3       a.    *The Civil Penalties Sought by All Allegedly Aggrieved*
             *Employees in a PAGA Claim are Considered to*
4             *Determine the Amount in Controversy.*

5       "[T]he amount in controversy in a PAGA claim is predicated on the total
6  amount of civil penalties sought by the aggrieved employees." Urbino v. Orkin
7  Servs. of Cal., No. 2:11-cv-06456-CJC 2011 U.S. Dist. LEXIS 114746, at *30
8  (C.D. Cal. Oct. 5, 2011) (Carney, J.). In Urbino, the Court determined that in a
9  PAGA action, the representative plaintiff "derives his or her right to sue from the
10  statute and acts as proxy for the LWDA, such that the aggrieved employees' claims
11  are 'common and undivided,' rather than separate and distinct." Id. at *29.
12  Accordingly, this Court aggregated the PAGA claims of the aggrieved employees
13  in the lawsuit to determine that the $75,000 amount in controversy threshold
14  required for diversity jurisdiction was satisfied. See id.; see also Thomas v. Aetna
15  Health of Cal., Inc., No. 1:10-cv-01906-AWI-SKO2011, U.S. Dist. LEXIS 59377,
16  at *58 (E.D. Cal. June 2, 2011) ("Like a typical shareholders' derivative suit where
17  the jurisdictional amount in controversy is predicated on the damages sustained by
18  the corporation — as opposed to the named individual shareholder — the amount at
19  stake in a PAGA claim is predicated on the total amount of the penalties that can be
20  sought by the aggrieved employees as the proxy of the LWDA.").

21       b.    *The Amount in Controversy Under Plaintiff's PAGA*
             *Claim Exceeds $75,000.*
22

23       Where, as here, a complaint fails to affirmatively state a specific amount in
24  controversy, a defendant is required to show the jurisdictional requirement by a
25  preponderance of the evidence. See Guglielmino v. McKee Foods Corp., 506 F.3d
26  696, 699 (9th Cir. 2007). Thus, to support removal, a defendant need only show
27  that it is more likely than not that the amount in controversy exceeds $75,000. See
28  Singer v. State Farm Mut. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). The

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DB2/ 22812096.1

1  removing defendant's burden is not "daunting," and the removing defendant is not
2  required to "research, state, and prove the plaintiff's claims for damages." Korn v.
3  Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (quoting
4  McKraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). "The 'ultimate
5  inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not
6  what the defendant will *actually* owe." Id. (quoting Rippee v. Boston Market
7  Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

8       Here, Plaintiff seeks to recover not only civil penalties under PAGA for
9  herself, but also for "all persons who, during the applicable statute of limitations,
10  were employed by [Abercrombie] in the state of California as retail sales
11  employees, or [in a] similar position that regularly involves the employee standing
12  to perform retail sales duties." Ex. A, Complaint ¶ 10. Although Defendants deny
13  Plaintiff's allegations and deny that she or the allegedly aggrieved employees she
14  seeks to represent are entitled to the relief for which Plaintiff has prayed, Plaintiff's
15  allegations and request for relief have put into controversy an amount that far
16  exceeds the $75,000 threshold for diversity jurisdiction.

17       Plaintiff's Complaint refers to the "applicable statute of limitations." Ex. A,
18  Complaint ¶ 10. The statute of limitations for a PAGA claim is one year. Cal. Civ.
19  Proc. Code § 340(a); Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003,
20  1007 (N.D. Cal. 2007) (determining that one-year statute of limitations applies to
21  PAGA claims). Thus, the time period at issue is at least the one-year period from
22  October 17, 2010 through October 17, 2011, the date on which Plaintiff filed her
23  Complaint. Ex. A, Complaint at page 1.

24       Plaintiff was last employed by Abercrombie as a "Model" in a Hollister
25  brand store in California. Ex. D, Nava Decl. ¶ 2. During the period from October
26  17, 2010 through October 17, 2011, 5,240 individuals were employed in the
27  "Model" position at Hollister stores in California, and those associates were paid in
28  58,125 individual pay periods during that time period. Ex. D, Nava Decl. ¶¶ 5, 6.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DB2/ 22812096.1

1       Where, as here, a Labor Code provision does not specify a penalty, PAGA

2 provides for a civil penalty of $100 per pay period for an initial violation of the

3 Labor Code provision, and $200 per pay period for each subsequent violation. See

4 Cal. Lab. Code § 2699(f)(2).  Thus, the following computation demonstrates the

5 amount placed in controversy by the Complaint:

6                (52,885 pay periods x $100) = $5,288,500[1]

7 See also Urbino, 2011 U.S. Dist. LEXIS 114746, at *10-12 (utilizing same method

8 for calculating initial and subsequent alleged PAGA violations to determine amount

9 in controversy).

10       Accordingly, the amount in controversy for Plaintiff's PAGA seating claim

11 far exceeds the $75,000 threshold required for diversity jurisdiction.

12           **c.**    ***Attorneys' Fees Are Included to Determine the Amount***

13               ***in Controversy.***

14       The Ninth Circuit has determined that "where an underlying statute

15 authorizes an award of attorneys' fees, either with mandatory or discretionary

16 language, such fees may be included in the amount in controversy." Galt G/S v.

17 JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).  California Labor Code §

18 2699, which is at issue in this case, provides for recovery of attorneys' fees. Cal.

19 Lab. Code § 2699(g)(1) ("Any employee who prevails in any action shall be

20 entitled to an award of reasonable attorneys' fees and costs.").  Plaintiff has also set

21 forth a prayer for attorneys' fees. Ex. A, Complaint ¶ 21.

22       Although Defendants deny Plaintiff's claim for attorneys' fees, for the

23 purposes of establishing removal jurisdiction, the Ninth Circuit has approved a 25%

24 benchmark for calculating attorneys' fees. See In re Pac. Enters. Sec. Litig., 47

25 F.3d 373, 379 (9th Cir. 1995) ("twenty-five percent is the benchmark that district

26

---

[1] Defendants do not believe the $200 for each "subsequent violation" applies. See Amaral v. Cintas Corp. No. 2, 163

27 Cal. App. 4th 1157, 1209 (2008) (an employer is not liable for penalties for "subsequent" violations "[u]ntil the
employer has been notified that it is violating a Labor Code provision (whether or not the Commissioner or court

28 chooses to impose penalties). However if applied here to all pay periods other than the 5,240 initial pay periods, the
amount in controversy would rise to over $11 million.

1   courts should award in common fund cases") (internal quotations omitted).  With

2   the $5,288,500 amount in controversy established above, an award of attorneys'

3   fees in the amount of 25% would increase the amount in controversy by

4   $1,322,125.  Adding these potential attorneys' fees further increases the amount in

5   controversy far above $75,000.

6          Accordingly, because there is complete diversity and the amount in

7   controversy far exceeds $75,000, exclusive of interest and costs, diversity

8   jurisdiction exists under 28 U.S.C. § 1332(a).

9   **B.      This Court Also Has Original Subject Matter Jurisdiction Under**
           **CAFA.**
10

11         CAFA "vests original jurisdiction for class actions in federal court where

12  there is minimal diversity and the amount in controversy exceeds $5,000,000."

13  Bush v. Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 2005) (citing 28 U.S.C. §

14  1332(d)).  CAFA defines a "class action" as "any civil action filed under rule 23 of

15  the Federal Rules of Civil Procedure or similar State statute or rule of judicial

16  procedure authorizing an action to be brought by 1 or more representative persons

17  as a class action."  28 U.S.C. § 1332(d)(1)(B).

18         Here, Plaintiff brings her PAGA claim not only as a putative representative

19  action, but also as a purported "class action under California Code of Civil

20  Procedure section 382 and Federal Rule of Civil Procedure 23."  Ex. A, Complaint

21  ¶ 10.  Accordingly, this case qualifies as a "class action" under CAFA for removal

22  purposes.  See, e.g., Schiller v. David's Bridal, Inc., No. 1:10-cv-00616, 2010 U.S.

23  Dist. LEXIS 81128, at *27-28 (E.D. Cal. July 14, 2010) (applying CAFA minimal

24  diversity and amount in controversy requirements to PAGA claims brought in a

25  class action).  As established above, there is minimal diversity and the amount in

26  controversy exceeds $5 million.  Therefore, this Court has original jurisdiction

27  based on diversity of citizenship under CAFA, and the action is properly removable

28  pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DB2/ 22812096.1

1

### a. *Diversity Exists Between the Parties.*

2      Diversity exists under CAFA where "any member of a class of plaintiffs is a

3 citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here,

4 the parties meet the diversity requirements of CAFA because one or more of the

5 Plaintiffs, including members of the putative class, are citizens of different states

6 from Defendants. Indeed, as set forth above in Section III(A)(1), complete

7 diversity exists because Plaintiff is a citizen of California, and none of the

8 Defendants is a citizen of California.

9

### b. *The Amount in Controversy Exceeds $5 Million.*

10      Under CAFA, the claims of the individual members of a putative class are

11 aggregated to determine if the amount in controversy exceeds $5 million. 28

12 U.S.C. § 1332(d)(6). Federal jurisdiction exists under CAFA "if the value of the

13 matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or

14 the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

15 damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee

16 Report, S. REP. 109-14, at 42. Moreover, Congress intended that any uncertainty

17 of the removability of an interstate class action be resolved in favor of federal

18 jurisdiction. See id. ("if a federal court is uncertain about whether 'all matters in

19 controversy' in a purported class action 'do not in the aggregate exceed the sum or

20 value of $5,000,000,' the court should err in favor of exercising jurisdiction over

21 the case").

22      As set forth above, because Plaintiff's Complaint fails to affirmatively state a

23 specific amount in controversy, Abercrombie is only required to show that it is

24 more likely than not that the amount in controversy exceeds $5 million. See

25 Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

26      Here, Plaintiff seeks civil penalties against Abercrombie as provided in

27 California Labor Code section 2699(f), plus attorneys' fees and costs. Ex. A,

28 Complaint ¶ 21. As established in above in Section III(A)(2), although

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

.DB2/ 22812096.1

1  Abercrombie denies that Plaintiff or the allegedly aggrieved employees that
2  Plaintiff seeks to represent are entitled to the relief for which Plaintiff has prayed,
3  Plaintiff's allegations in her Complaint have put into controversy an amount that
4  well exceeds the $5 million threshold when aggregating the claims of the aggrieved
5  employees in the putative class pursuant to 28 U.S.C. § 132(d)(6).  Indeed,
6  Plaintiff's Complaint places into controversy at least $5,288,500 (excluding
7  potential attorneys' fees).

8      Accordingly, this Court has original subject matter jurisdiction based on
9  diversity of citizenship under CAFA because plaintiffs are diverse from defendants
10  and the amount in controversy exceeds $5 million.

11  **IV.   VENUE**

12      Plaintiff originally filed this action in the Superior Court for the County of
13  Los Angeles.  Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a),
14  because it encompasses the county in which this action has been pending.

15  **V.   NOTICE OF REMOVAL**

16      Defendants will promptly serve this Notice of Removal on all parties and will
17  promptly file a copy of this Notice of Removal with the clerk of the state court in
18  which the action is pending, pursuant to 28 U.S.C. § 1446(d).

19  **VI.   RESERVATION OF RIGHTS**

20      This Notice of Removal is filed subject to and with full reservation of rights,
21  including but not limited to defenses and objections to venue, improper service of
22  process and personal jurisdiction.  No admissions are intended hereby, and all
23  defenses, motions and pleas are expressly reserved.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22812096.1

11

1  **VII.   CONCLUSION**

2         Based on the foregoing, Defendants respectfully remove this action.

3  Dated:  November 23, 2011            MORGAN, LEWIS & BOCKIUS LLP

4
                                        By
5                                           Rebecca Eisen
                                            Kathy H. Gao
6                                           Attorneys for Defendants
                                            ABERCROMBIE & FITCH CO.,
7                                           ABERCROMBIE & FITCH STORES,
                                            INC., AND ABERCROMBIE & FITCH
8                                           TRADING CO.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

## SU~~MMONS~~
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ABERCROMBIE & FITCH CO., INC.; ABERCROMBIE & FITCH STORES, INC.;
ABERCROMBIE & FITCH TRADING CO.; and DOES 1-100, inclusive

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 1 7 2011

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
I. Quincy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMBER ECHAVEZ, individually, and on behalf of a class of similarly situated
individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
111 NORTH HILL STREET
LOS ANGELES, CA 90012
CENTRAL DISTRICT

**B C 4 7 0 3 2 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen M. Harris (SBN 110626) 818-547-5000 FAX: 818-547-5329
Knapp, Petersen & Clarke
550 North Brand Boulevard, Suite 1500 Glendale, CA 91203

DATE: OCT 1 7 2011
*(Fecha)*

John A. Clarke
Clerk, by L. Quincy, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Stephen M. Harris (State Bar No. 110626)
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Robert L. Starr (State Bar No. 183052)
   robert@starrlawmail.com
6  THE LAW OFFICE OF ROBERT L. STARR
   23277 Ventura Boulevard
7  Woodland Hills, CA 91364-1002
   Telephone: (818) 225-9040
8  Facsimile: (818) 225-9042

9  Attorneys for Plaintiff
   AMBER ECHAVEZ, individually, and on behalf of a
10 class of similarly situated individuals

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 17 2011

John A. Clarke, Executive Officer/Clerk
By _____
    I. Quincy, Deputy

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    COUNTY OF LOS ANGELES

13

14 AMBER ECHAVEZ, individually, and on      ) NO.  **B C 4 7 0 3 2 6**
   behalf of a class of similarly situated   )
15 individuals,                              ) **CLASS ACTION COMPLAINT FOR**
                                             ) **VIOLATION OF THE LABOR CODE**
16              Plaintiff,                    ) **PRIVATE ATTORNEYS GENERAL**
                                             ) **ACT OF 2004 (Cal. Lab. Code § 2698**
17      v.                                    ) **et seq.)**

18 ABERCROMBIE & FITCH CO., INC.;           )
   ABERCROMBIE & FITCH STORES, INC.;         )
19 ABERCROMBIE & FITCH TRADING CO.;          )
   and DOES 1-100, inclusive,                )
20                                           )
               Defendants.                   )
21 _____)

22      Plaintiff Amber Echavez, individually, and on behalf of all others similarly situated,

23 alleges as follows:

24                       **INTRODUCTION**

25      1.      This is a class action and a representative action for recovery of penalties

26 under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"),

27 California Labor Code section 2698 et seq. PAGA permits an "aggrieved employee" to

28 bring a lawsuit on behalf of herself and other current and former employees to address an

KNAPP,
PETERSEN
& CLARKE

-1-

1350811.1  08000/00942

1 | employer's violations of the California Labor Code. In this case, defendants violated
2 | California Labor Code section 1198 and Wage Order 7-2001, section 14, by failing to
3 | provide suitable seats to plaintiff and other current and former employees. Plaintiff seeks
4 | penalties on behalf of herself and other current and former employees of defendants as
5 | provided herein.

6 | 2. Plaintiff Amber Echavez is an individual residing in the state of California.

7 | 3. Defendant Abercrombie & Fitch Co., Inc. is an Ohio corporation doing
8 | business in Los Angeles, California.

9 | 4. Defendant Abercrombie & Fitch Stores, Inc. is an Ohio corporation doing
10 | business in Los Angeles, California.

11 | 5. Defendant Abercrombie & Fitch Trading Co. is an Ohio corporation doing
12 | business in Los Angeles, California.

13 | 6. Plaintiff does not know the names of those defendants sued as DOES 1
14 | through 100 but will amend this complaint when she learns those names. Plaintiff alleges
15 | on information and belief that each of the defendants is the agent, representative, successor,
16 | affiliate, officer, director, employee, coconspirator, or alter ego of each of the other
17 | defendants and is in some manner responsible for the wrongdoing alleged herein. For
18 | purposes of this complaint, the defendants are collectively referred to as "A&F".

19 | 7. Venue is proper in this judicial district because at least some of the alleged
20 | wrongdoing occurred in this judicial district.

21 | 8. At all relevant times, plaintiff was employed as a retail sales employee at
22 | A&F. In connection with her job as a retail sales employee, the active duties of plaintiff's
23 | work required standing.

24 | 9. Wage Order 7-2001, which covers businesses in the "mercantile industry,"
25 | such as A&F, states: "All working employees shall be provided with suitable seats when
26 | the nature of the work reasonably permits the use of seats." (*Id.* § 14(a)) and "When
27 | employees are not engaged in the active duties of their employment and the nature of the
28 | work requires standing, an adequate number of suitable seats shall be placed in reasonable

KNAPP,
PETERSEN
& CLARKE

-2-

1350811.1 08000/00942

1  proximity to the work area and employees shall be permitted to use such seats when it does
2  not interfere with the performance of their duties." (*Id.* § 14(b)) A&F failed to provide its
3  retail sales employees, including plaintiff, with suitable seating.

## CLASS ALLEGATIONS

5      10.    Class Definition: Plaintiff brings this lawsuit on her own behalf and as a class
6  action under California Code of Civil Procedure section 382 and Federal Rule of Civil
7  Procedure 23. The Class ("Class") that plaintiff seeks to represent is defined as follows:
8  "All persons who, during the applicable statute of limitations, were employed by A&F in
9  the state of California as retail sales employees, or similar position that regularly involves
10  the employee standing to perform retail sales duties, and were not provided with suitable
11  seating."

12      11.    Ascertainable Class: The Class is ascertainable in that its members may be
13  identified and located using information contained in A&F's personnel records.

14      12.    Numerosity: The Class is so numerous that the individual joinder of all
15  members is impractical under the circumstances of this case. Plaintiff is informed and
16  believes that the Class consists of well over 1,000 individuals.

17      13.    Common Questions of Fact or Law: This lawsuit is suitable for class
18  treatment because common questions of fact and law predominate over individual issues.
19  Common questions include, but are not limited to, the following (1) whether A&F is subject
20  to requirements of Wage Order 7-2001, section 14; (2) whether the job of a retails sales
21  employee at A&F reasonably permits the use of a seat when the retail sales employee is not
22  engaged in the active duties of his or her employment; (3) what type(s) of seat would be
23  suitable; (4) whether an adequate number of suitable seats are placed in reasonable
24  proximity to the work area; and (5) the amount of penalties that should be awarded under
25  PAGA.

26      14.    Typicality: Plaintiff's claims are typical of the claims of Class members.
27  Plaintiff and the Class members were injured by A&F's common practice of failing to
28  provide suitable seats.

KNAPP,
PETERSEN
& CLARKE

-3-
*CLASS ACTION COMPLAINT*

1350811.1 08000/00942

1    15.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the
2  Class.  Plaintiff has no interests that are adverse to the interests of the Class.

3    16.    Superiority:  A class action is superior to other available means for the fair
4  and efficient adjudication of this controversy, since individual joinder of all members of the
5  Class is impractical.  Class action treatment will permit a large number of similarly situated
6  persons to prosecute their common claims in a single forum simultaneously, efficiently, and
7  without unnecessary duplication of effort and expense.  Furthermore, the expenses and
8  burden of individualized litigation would make it difficult or impossible for individual
9  members of the Class to redress the wrongs done to them, while an important public interest
10  will be served by addressing the matter as a class action.  Individualized litigation would
11  also present the potential for inconsistent or contradictory judgments.

12                          **FIRST CAUSE OF ACTION**

13                      *(Violation of PAGA Against All Defendants)*

14    17.    Plaintiff incorporates by reference the allegations set forth above.

15    18.    California Labor Code section 1198 makes it illegal to employ an employee
16  under conditions of labor that are prohibited by the applicable wage order.  By failing to
17  provide plaintiff and the other Class members with seats, in violation of Wage Order 7-
18  2001, section 14, A&F violated Labor Code section 1198.

19    19.    PAGA permits an "aggrieved employee" to recover penalties on behalf of
20  herself and other current or former employees as a result of the employer's violations of
21  certain sections of the California Labor code.  Plaintiff is an aggrieved employee, in that
22  plaintiff was employed by A&F and was not provided with a seat, in violation of Labor
23  Code section 1198 and Wage Order 7-2001, section 14.  A violation of Labor Code section
24  1198 gives rise to private right of action under PAGA.

25    20.    Plaintiff has properly complied with the PAGA notice provision set forth in
26  California Labor Code section 2699.3(a)(1).  The Labor and Workforce Development
27  Agency has not provided plaintiff with notice that it intends to investigate this violation,
28  although 33 calendar days have elapsed since the postmark date of plaintiff's notice.

KNAPP,
PETERSEN
& CLARKE

1  Accordingly, plaintiff is entitled to commence this action.

2      21.    Plaintiff requests penalties against A&F as provided under Labor Code

3  section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

4  **PRAYER**

5      **WHEREFORE**, plaintiff requests entry of judgment, on behalf of herself and the

6  other Class members, against each named defendant, jointly and severally, as follows:

7      1.    For penalties according to proof;

8      2.    For reasonable attorneys' fees and costs of suit; and,

9      3.    For such other relief as the Court deems proper.

10  Dated: October 7 , 2011          KNAPP, PETERSEN & CLARKE

By:

13                  Stephen M. Harris
                Attorneys for Plaintiff AMBER
14                  ECHAVEZ, individually, and on behalf
                of a class of similarly situated
15                  individuals

KNAPP,
PETERSEN
& CLARKE

-5-

*CLASS ACTION COMPLAINT*

1350811.1  08000/00942

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen M. Harris (SBN 110626)<br>Knapp, Petersen & Clarke<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203<br>TELEPHONE NO.: 818-547-5000    FAX NO.: 818-547-5329<br>ATTORNEY FOR (Name): Amber Echavez | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>OCT 17 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>I. Quincy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Echavez v. Abercrombie

| CIVIL CASE COVER SHEET<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC470326**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☒ monetary  b.☐ nonmonetary; declaratory or injunctive relief    c.☐ punitive
4. Number of causes of action (specify): 1
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 17, 2011

Stephen M. Harris
_____
(TYPE OR PRINT NAME)                                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36) Other
  Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Echavez v. Abercrombie | B C 4 7 0 3 2 6 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES  CLASS ACTION? ☒ YES  LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL ___15___ ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Echavez v. Abercrombie | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1. 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: Echavez v. Abercrombie | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: Echavez v. Abercrombie | | CASE NUMBER |
|---|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | ADDRESS:<br>111 North Hill Street<br>Class actions must be filed in the Stanley Mosk Courthouse - Central District |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 17, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Stephen M. Harris

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4
American LegalNet, Inc.
www.FormsWorkFlow.com

# *EXHIBIT B*

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 07 2011

OHN A. CLARKE, CLERK

BY RAUL SANCHEZ DEPUTY

1  Stephen M. Harris (State Bar No. 110626)
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Robert L. Starr (State Bar No. 183052)
   robert@starrlawmail.com
6  THE LAW OFFICE OF ROBERT L. STARR
   23277 Ventura Boulevard
7  Woodland Hills, CA 91364-1002
   Telephone: (818) 225-9040
8  Facsimile: (818) 225-9042

9  Attorneys for Plaintiff
   AMBER ECHAVEZ, individually, and on behalf of a
10 class of similarly situated individuals

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          COUNTY OF LOS ANGELES - CENTRAL DISTRICT

13

14 | AMBER ECHAVEZ, individually, and on            ) NO.  BC470326 [CLASS ACTION]
   | behalf of a class of similarly situated         ) [NON-COMPLEX]
15 | individuals,                                    )
   |                                                 ) Assigned for All Purposes to
16 |              Plaintiff,                          ) the Honorable Mel Red Recana - Dept. 45
   |                                                 )
17 |        v.                                       )
   |                                                 ) Date Action Filed:        October 17, 2011
18 | ABERCROMBIE & FITCH CO., INC.;                  ) Trial Date:                      None
   | ABERCROMBIE & FITCH STORES, INC.;               )
19 | ABERCROMBIE & FITCH TRADING CO.;                ) **PROOF OF SERVICE OF COURT**
   | and DOES 1-100, inclusive,                      ) **ORDER (MINUTES) DATED**
20 |                                                 ) **NOVEMBER 1, 2011**
   |              Defendants.                         )
21 |_____)

22

23

24

25

26

27

28

KNAPP,
PETERSEN
& CLARKE

-1-
*PROOF OF SERVICE*

1363759.1  08000/00942

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/01/11                                                                                        DEPT. 324

HONORABLE EMILIE H. ELIAS          JUDGE | A. MORALES          DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM |                          ELECTRONIC RECORDING MONITOR

NONE          Deputy Sheriff | NONE                          Reporter

8:30 am | BC470326

AMBER ECHAVEZ
VS
ABERCROMBIE & FITCH CO INC ET
AL

NON-COMPLEX (11-01-11)

| | Plaintiff Counsel | |
| Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Mel Red Recana in Department 45 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 45 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of  2   DEPT. 324

MINUTES ENTERED
11/01/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/01/11 | | | | DEPT. 324 |
|---|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC470326 | Plaintiff Counsel |
| | AMBER ECHAVEZ | NO APPEARANCES |
| | VS | Defendant |
| | ABERCROMBIE & FITCH CO INC ET AL | Counsel |
| | NON-COMPLEX (11-01-11) | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 11-01-11 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 11-01-11

John A. Clarke, Executive Officer/Clerk

By: _K. Bowen_
   K. Bowen

KNAPP, PETERSEN & CLARKE
Stephen M. Harris, Esq.
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922

Page 2 of 2     DEPT. 324

MINUTES ENTERED
11/01/11
COUNTY CLERK

1                       **PROOF OF SERVICE**
            **Echavez v. Abercrombie & Fitch Co., Inc.**

2                            **BC470326**

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4

5        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922. On November 4, 2011, I caused the foregoing

6   document(s) described as PROOF OF SERVICE OF COURT ORDER (MINUTES) DATED NOVEMBER 1, 2011 to be served on the interested parties in this action as follows:

7

8        by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

9    ☒   **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The

10   envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited

11   with the U.S. Postal Service on that same day in the ordinary course of business.

12        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13

       Executed on November 4, 2011, at Glendale, California.

14

15              Marlinda Ochoa

             (Type or print name)                   (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**SERVICE LIST**</u>
**Echavez v. Abercrombie & Fitch Co., Inc.**
2                     **BC470326**

3 | Margaret Wilson, Senior Process Specialist      Agent for Service of Process for Defendants
    CT Corporation                                        Abercrombie & Fitch Stores, Inc., and
4 | Agent for Service of Process                        Abercrombie & Fitch Trading Co.
    818 West 7th Street, 2nd Floor
5 | Los Angeles, CA 90017

6 | Debbie Justice, Process Specialist           Agent for Service of Process for Defendant
    CT Corporation System                      Abercrombie & Fitch Co., Inc.
7 | Agent for Service of Process
    1300 East Ninth Street
8 | Cleveland, OH 44114

9 | Robert L. Starr, Esq.                          Tel.: (818) 225-9040
    The Law Offices of Robert L. Starr        Fax: (818) 225-9042
10 | 23277 Ventura Boulevard                 robert@starrlawmail.com
    Woodland Hills, CA 91364            Co-Counsel for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1363806.1  08000/00942

# *EXHIBIT C*

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>KNAPP, PETERSEN & CLARKE<br>Stephen M. Harris, Esq. (SBN 110626)<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203-1922<br>TELEPHONE NO.: (818) 547-5000    FAX NO. *(Optional):* (818) 547-5329<br>E-MAIL ADDRESS *(Optional):* smh@kpclegal.com<br>ATTORNEY FOR *(Name):* Plaintiff AMBER ECHAVEZ, etc. | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 0 1 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF/PETITIONER: AMBER ECHAVEZ, etc. | **CASE NUMBER:**<br>BC470326 |
| DEFENDANT/RESPONDENT: ABERCROMBIE & FITCH CO., INC; et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>840686V D-45 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* SEE ATTACHED LIST OF DOCUMENTS

3.  a. Party served *(specify name of party as shown on documents served):*
    ABERCROMBIE & FITCH STORES, INC.

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    CT Corp, Agent for Service of Process, accepted by Margret Wilson, Senior Process Specialist

4.  Address where the party was served:
    818 West 7th Street, 2nd Floor, Los Angeles, California 90017
5.  I served the party *(check proper box)*
    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 10/27/2011    (2) at *(time):* 12:20 p.m.
    b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: AMBER ECHAVEZ, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABERCROMBIE & FITCH CO., INC; et al. | BC470326 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid, ·

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.· *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* ABERCROMBIE & FITCH STORES, INC.
    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name: Jose M. Becerra, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
  c. Telephone number:  (213) 623-3979
  d. **The fee for service was: $**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 6804
      (iii) County: LOS ANGELES

8. ☑ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I **am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 28, 2011

JOSE M. BECERRA                 ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

## *ATTACHED LIST OF DOCUMENTS*

### *SUPERIOR COURT OF THE STATE OF CALIFORNIA*
### *COUNTY OF LOS ANGELES – CENTRAL DISTRICT*

*AMBER ECHAVEZ, individually, and on behalf of a class of similarly situated individuals*

*v.*

*ABERCROMBIE & FITCH CO., INC.; ABERCROMBIE & FITCH STORES, INC.; ABERCROMBIE & FITCH TRADING CO.*

### *CASE NUMBER: BC470326*

1.  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION;

2.  NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE;

3.  VOLUNTARY EFFICIENT LITIGATION STIPULATIONS;

4.  [BLANK] STIPULATION – EARLY ORGANIZATIONAL MEETING;

5.  [BLANK] STIPULATION – DISCOVERY RESOLUTION;

6.  [BLANK] STIPULATION AND ORDER – MOTIONS IN LIMINE;

7.  [BLANK] INFORMAL DISCOVERY CONFERENCE

*#840686V*

**POS-010**

ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KNAPP, PETERSEN & CLARKE<br>Stephen M. Harris, Esq. (SBN 110626)<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203-1922<br>TELEPHONE NO.: (818) 547-5000    FAX NO. *(Optional)*: (818) 547-5329<br>E-MAIL ADDRESS *(Optional)*: smh@kpclegal.com<br>ATTORNEY FOR *(Name)*: Plaintiff AMBER ECHAVEZ, etc. | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>NOV 0 1 2011<br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, California 90012 |
| BRANCH NAME: CENTRAL DISTRICT |

| PLAINTIFF/PETITIONER: AMBER ECHAVEZ, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABERCROMBIE & FITCH CO., INC; et al. | BC470326 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>840698V |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: SEE ATTACHED LIST OF DOCUMENTS

3. a. Party served *(specify name of party as shown on documents served)*:
   ABERCROMBIE & FITCH TRADING CO.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corp, Agent for Service of Process, accepted by Margret Wilson, Senior Process Specialist

4. Address where the party was served:
   818 West 7th Street, 2nd Floor, Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 10/27/2011    (2) at *(time)*: 12:20 p.m.
   b. ☐ by substituted service. On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: AMBER ECHAVEZ, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABERCROMBIE & FITCH CO., INC; et al. | BC470326 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):*            (2) from *(city):*

     (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* ABERCROMBIE & FITCH TRADING CO.
     under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name: Jose M. Becerra, Ace Attorney Service, Inc.
  b. Address: 811 Wilshire Boulevard, Suite 900, Los Angeles, California 90017
  c. Telephone number: (213) 623-3979
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: 6804
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: October 28, 2011

JOSE M. BECERRA           ▶                       
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE )

## ATTACHED LIST OF DOCUMENTS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

### AMBER ECHAVEZ, individually, and on behalf of a class of similarly situated individuals

v.

### ABERCROMBIE & FITCH CO., INC.; ABERCROMBIE & FITCH STORES, INC.; ABERCROMBIE & FITCH TRADING CO.

### CASE NUMBER:  BC470326

1. CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION;

2. NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE;

3. VOLUNTARY EFFICIENT LITIGATION STIPULATIONS;

4. [BLANK] STIPULATION – EARLY ORGANIZATIONAL MEETING;

5. [BLANK] STIPULATION – DISCOVERY RESOLUTION;

6. [BLANK] STIPULATION AND ORDER – MOTIONS IN LIMINE;

7. [BLANK] INFORMAL DISCOVERY CONFERENCE

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>KNAPP, PETERSEN & CLARKE<br>Stephen M. Harris, Esq. (SBN 110626)<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203-1922<br>TELEPHONE NO.· (818) 547-5000    FAX NO *(Optional)·* (818) 547-5329<br>E-MAIL ADDRESS *(Optional)·* smh@kpclegal.com<br>ATTORNEY FOR *(Name):* Plaintiff AMBER ECHAVEZ, etc. | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>NOV 0 1 2011<br>John A. Cla~~rke~~, ~~Executive Officer/~~ Clerk<br>By _____ Dep.<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS·   111 North Hill Street
MAILING ADDRESS   111 North Hill Street
CITY AND ZIP CODE·   Los Angeles, California 90012
BRANCH NAME:   CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF/PETITIONER: AMBER ECHAVEZ, etc. | CASE NUMBER;<br><br>BC470326 |
| DEFENDANT/RESPONDENT: ABERCROMBIE & FITCH CO., INC; et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.;<br>840697JC   D-45 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* SEE ATTACHED LIST OF DOCUMENTS

3. a. Party served *(specify name of party as shown on documents served):*
   ABERCROMBIE & FITCH CO., INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System, Agent for Service, by serving Debbie Justice, Process Specialist

4. Address where the party was served:
   1300 East Ninth Street, Cleveland, Ohio 44114
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/28/2011   (2) at *(time):* 3:21 p.m. (EST)
   b. ☐ by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

ORIGINAL

| PLAINTIFF/PETITIONER: AMBER ECHAVEZ, etc. | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: ABERCROMBIE & FITCH CO., INC; et al. | BC470326 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* ABERCROMBIE & FITCH CO., INC.
    under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                  ☐ other:

7. Person who served papers
  a. Name: Cynethiel King, Ace Attorney Service, Inc.
  b. Address: 1750 Midland Building, Cleveland, Ohio 44115
  c. Telephone number: (800) 822-0650
  d. The fee for service was: $
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
        (i) ☐ owner ☐ employee ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: October 31, 2011

CYNETHIEL KING
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         ▶       (SIGNATURE)

## *ATTACHED LIST OF DOCUMENTS*

### *SUPERIOR COURT OF THE STATE OF CALIFORNIA*
### *COUNTY OF LOS ANGELES – CENTRAL DISTRICT*

*AMBER ECHAVEZ, individually, and on behalf of a class of similarly situated*
*individuals*

*v.*

### *ABERCROMBIE & FITCH CO., INC.; ABERCROMBIE & FITCH STORES,*
### *INC.; ABERCROMBIE & FITCH TRADING CO.*

### *CASE NUMBER: BC470326*

1. CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION;

2. NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE;

3. VOLUNTARY EFFICIENT LITIGATION STIPULATIONS;

4. [BLANK] STIPULATION – EARLY ORGANIZATIONAL MEETING;

5. [BLANK] STIPULATION – DISCOVERY RESOLUTION;

6. [BLANK] STIPULATION AND ORDER – MOTIONS IN LIMINE;

7. [BLANK] INFORMAL DISCOVERY CONFERENCE

# *EXHIBIT D*

MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN, SBN 96129
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: 415.442.0900
Facsimile:  415.442.1001
email: reisen@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
KATHY H. GAO, SBN 259019
300 South Grand Avenue, 22nd Floor
Los Angeles, California 90071
Telephone: 213.612.2500
Facsimile:  213.612.2501
email: kgao@morganlewis.com

Attorneys for Defendants
ABERCROMBIE & FITCH, CO.,
ABERCROMBIE & FITCH STORES, INC.,
AND ABERCROMBIE & FITCH TRADING
CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER ECHAVEZ, individually, and on behalf of a class of similarly situated individuals,<br><br>                    Plaintiff,<br><br>vs.<br><br>ABERCROMBIE & FITCH, CO., INC.; ABERCROMBIE & FITCH STORES, INC.; ABERCROMBIE & FITCH TRADING CO.; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**DECLARATION OF ROBERT NAVA IN SUPPORT OF DEFENDANTS ABERCROMBIE & FITCH, CO., ABERCROMBIE & FITCH STORES, INC., AND ABERCROMBIE & FITCH TRADING CO.'S NOTICE OF REMOVAL** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    I, Robert Nava, declare and state as follows:

2    1.    I am Senior Manager of Stores Human Resources for Abercrombie &

3    Fitch Stores, Inc. ("Abercrombie"). I have personal knowledge of the matters

4    stated herein, and if called and sworn as a witness in this matter, I could and would

5    testify as set forth herein.

6    2.    According to Abercrombie's records, Plaintiff Amberly Echavez was

7    last employed by Abercrombie in the "Model" position in a Hollister brand store in

8    California.

9    3.    According to Abercrombie's records, Plaintiff's last known address is

10   in California.

11   4.    There is no "Abercrombie & Fitch Co., Inc." Abercrombie & Fitch

12   Co. is a Delaware corporation with its principal place of business in New Albany,

13   Ohio. Defendants Abercrombie & Fitch Stores, Inc.(which employed Plaintiff) and

14   Abercrombie & Fitch Trading Co. are Ohio corporations, and their principal places

15   of business are also in New Albany, Ohio. All three Defendants maintain their

16   corporate headquarters in New Albany, Ohio, and their officers direct, control, and

17   coordinate their business activities from New Albany, Ohio.

18   5.    During the period from October 17, 2010 through October 17, 2011,

19   Abercrombie employed 5,240 unique employees in the Model position in its

20   Hollister brand stores in California.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

6. ~~During the period from October 17, 2010 through October 17, 2011,~~ Abercrombie paid its associates employed in the Model position in Hollister brand stores in California in 58,125 unique pay periods.

I declare under penalty of perjury under the law of the United States and the State of California that the foregoing is true and correct.

Executed this 22nd day of November at Columbus, Ohio.

Robert J. Nava Jr.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 9754 GAF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| AMBER ECHAVEZ, individually, and on behalf of a class of similarly situated individuals, | ABERCROMBIE & FITCH, CO., INC.; ABERCROMBIE & FITCH STORES, INC.; ABERCROMBIE & FITCH TRADING CO.; and DOES 1-100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stephen M. Harris (SBN 110626)<br>KNAPP, PETERSON & CLARKE<br>550 North Brand Blvd., Suite 1500<br>Glendale, CA, 91203-1922<br>Tel: 818.547.5000 / Fax: 818.547.5329<br>(See Attachment A) | Kathy H. Gao (SBN 259019)<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071<br>Tel: 213.612.2500 / Fax: 213.612.2501<br>(See Attachment A) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1332, 1441, 1446 and 1453 - amount in controversy as to PAGA claim exceeds $75,000; amount in controversy for purposes of the Class Action Fairness Act exceeds $5,000,000.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11-09754

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
- [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff does not allege county of residence. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
- [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware; Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff alleges Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 11/23/11

Kathy H. Gao (SBN 259019)

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# **ATTACHMENT A**

Additional Attorneys for Plaintiff

Robert L. Starr (SBN 183052)
robert@starrlawmail.com
THE LAW OFFICE OF ROBERT L. STARR
23277 Ventura Blvd.
Woodland Hills, CA  91364-1002
Tel:  818.225.9040
Fax:  818.225.9042

Additional Attorneys for Defendant

Rebecca Eisen, (SBN 96129)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105
Telephone:  415.442.0900
Facsimile:   415.442.1001