1   MORGAN LEWIS & BOCKIUS LLP
    REBECCA EISEN, SBN 96129
2   One Market, Spear Street Tower
    San Francisco, California  94105
3   Telephone:   415.442.0900
    Facsimile:    415.442.1001
4   email:  reisen@morganlewis.com

5   MORGAN LEWIS & BOCKIUS LLP
    KATHY H. GAO, SBN 259019
6   300 South Grand Avenue, 22nd Floor
    Los Angeles, California  90071
7   Telephone:   213.612.2500
    Facsimile:    213.612.2501
8   email:  kgao@morganlewis.com

9   Attorneys for Defendants
    ABERCROMBIE & FITCH CO.,
10  ABERCROMBIE & FITCH STORES, INC.,
    AND ABERCROMBIE & FITCH TRADING
11  CO.

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15

16  AMBER ECHAVEZ, individually, and          Case No. CV11-9754 GAF (PJWx)
    on behalf of a class of similarly situated
17  individuals,                              **DEFENDANTS' OPPOSITION TO**
                                              **PLAINTIFF'S *EX PARTE***
18                   Plaintiff,               **APPLICATION TO VACATE**
                                              **DEADLINE FOR FILING CLASS**
19            vs.                             **CERTIFICATION MOTION**
                                              **IMPOSED BY LOCAL RULE 23-3**
20  ABERCROMBIE & FITCH CO., INC.;
    ABERCROMBIE & FITCH STORES,               Judge:     Hon. Gary A. Feess
21  INC.; ABERCROMBIE & FITCH                 Complaint Filed:  October 17, 2011
    TRADING CO.; and DOES 1 through
22  100, inclusive,

23                   Defendants.

24

25

26

27

28

DB2/ 22857317.1

## OPPOSITION TO *EX PARTE* APPLICATION

Defendants Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and Abercrombie & Fitch Trading Co. (hereinafter collectively "Defendants") oppose plaintiff Amber Echavez's ("Plaintiff") *ex parte* application to vacate the requirements of Local Rule 23-3.  This Court should deny Plaintiff's *ex parte* application for the following reasons:

First, to demonstrate an entitlement to *ex parte* relief, Plaintiff must show, in part, that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, Plaintiff is not without fault, since Plaintiff requested, and Defendants agreed to, a hearing date that is set farther out than normal so that Plaintiff could have an additional two weeks to respond to Defendants' Motion to Dismiss.  Moreover, *ex parte* relief is only appropriate where the evidence "show[s] that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Id.  Plaintiff has not demonstrated that she will be irreparably prejudiced if the Court hears her noticed motion on this issue, rather than granting relief *ex parte*.  In fact, having filed a regularly noticed motion, Plaintiff concedes that *ex parte* resolution of this issue is unnecessary and inappropriate.

Second, "[l]ocal rules are 'laws of the United States.'" Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (quoting U.S. v. Hvass, 355 U.S. 570, 575 (1958)). Local Rule 23-3 "is a rule made by the Central District of California and so is valid if it is 'not inconsistent' with the Federal Rules of Civil Procedure." Id. (quoting Fed. R. Civ. P. 83).  This Court established Local Rule 23-3 specifically to impose structural limitations on the prosecution of class action litigation.  As a putative class action, Plaintiff's case is subject to the rule.  Disregarding the rule would strip the rule of its meaning.

DB2/ 22857317.1

1   Third, Plaintiff's assertion that she "needs to conduct discovery" is

2   insufficient reason to disregard the timeline established by Local Rule 23-3.  At the

3   outset of this action—filed two months ago now— Plaintiff presumably had grounds

4   to believe that some common unlawful policy or practice existed and warranted the

5   filing of her lawsuit.  If that is the case, given the Supreme Court's recent

6   admonition in <u>Wal-Mart Stores, Inc. v. Dukes</u> that class actions should proceed only

7   where there is sufficient "glue," making the litigation of one person's claim

8   dispositive of the claims of an entire class, <u>see</u> 131 S. Ct. 2541, 2552 (2011), the 90-

9   day period provided by Local Rule 23-3 is entirely sufficient time for Plaintiff to

10   submit to the Court her evidence and argument as to the "glue"—the allegedly

11   unlawful common policy or practice which Plaintiff claims warrants proceeding on

12   a classwide basis.

13   Fourth, Plaintiff's reliance on the January 30, 2011 motion hearing date

14   should not support a showing of "good cause" for extending Local Rule 23-3's

15   timeline because the date of the hearing is due, in part, to Plaintiff's own efforts.

16   Plaintiff requested, and Defendants agreed to, a hearing date that is set farther out

17   than normal so that Plaintiff could have additional time to respond to Defendants'

18   Motion to Dismiss.  Plaintiff should not be permitted to use the January 30, 2011

19   motion hearing date as grounds for vacating Local Rule 23-3's requirements where

20   Defendants accommodated Plaintiff by agreeing to an extension of time.

21   Fifth, the issue in this case—seating—if as straightforward as Plaintiff claims,

22   should not entail extensive discovery, and certainly not the individual discovery that

23   Plaintiff suggests.

24   Finally, to the extent that this Court grants Plaintiff relief from Local Rule 23-

25   3 on the basis of Plaintiff's purported need to conduct discovery, any extension of

26   time that this Court grants should be commensurate with the purpose of Local Rule

27   23-3's 90-day limitation.  Extending the timeline much farther beyond the 90 days

28

2:11-cv-09754-GAF-PJW   Document 10   Filed 12/16/11   Page 4 of 4   Page ID #:164

1  provided by Local Rule 23-3 would effectively eliminate the certainty and structure

2  provided by the rule.

3      For all of the foregoing reasons, Defendants respectfully request that this

4  Court deny Plaintiff's *ex parte* application to vacate the time limits established by

5  Local Rule 23-3.

6  Dated:  December 16, 2011          MORGAN, LEWIS & BOCKIUS LLP
                                       REBECCA EISEN
7                                      KATHY H. GAO

8

9                                      By   /S/ Kathy H. Gao
                                             KATHY H. GAO
10                                           Attorneys for Defendants
                                             ABERCROMBIE & FITCH CO.,
11                                           ABERCROMBIE & FITCH
                                             STORES, INC., AND
12                                           ABERCROMBIE & FITCH
                                             TRADING CO.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/ 22857317.1                          -4-