UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-09754-GAF** | Date | March 23, 2017 |
| Title | *Amber Echavez v. Abercrombie & Fitch Co., Inc., et al.* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| Beatrice Herrera | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER RE: MOTION FOR APPROVAL OF SETTLEMENT (IN CHAMBERS)

On February 17, 2017, Plaintiff Amber Echavez ("Plaintiff") filed an "Unopposed Motion of Plaintiff for Approval of Settlement" ("Motion").[1] The Court finds the matter appropriate for resolution without oral argument pursuant to Local Rule 7-15 and VACATES the hearing set on March 27, 2017 at 2:00 p.m. Having considered the papers filed in support of the Motion, the Court GRANTS the Motion for the reasons set forth below.

I.   **Background**

On October 17, 2011, Plaintiff Amber Echavez ("Plaintiff") filed a complaint against Defendants Abercrombie & Fitch Stores, Inc., Abercrombie & Fitch Co., and Abercrombie & Fitch Trading Co. ("Defendants") in the California Superior Court for Los Angeles County. The complaint was brought as a representative action pursuant to California Labor Code Section 2698, et seq., the Private Attorneys General Act of 2004 (hereinafter "PAGA"). The complaint alleged Defendants violated California Labor Code Section 1198 and Wage Order 7-2001 § 14 by failing to provide suitable seating to their employees. On November 23, 2011, Defendants removed the complaint to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Plaintiff filed a first amended complaint on January 23, 2012; the amended complaint alleged only

---

[1] This matter has been referred to the Chief Judge as the Honorable Gary A. Feess has retired from the bench.

PAGA violations.  Defendants filed an answer thereto, denying the allegations in the amended complaint, on March 26, 2012.

After the parties engaged in extensive discovery, Defendants filed a motion for summary judgment on June 11, 2013.  The Honorable Gary A. Feess granted the motion for summary judgment on August 13, 2013.  In his ruling, Judge Feess interpreted Wage Order 7-2001(A) and concluded Plaintiff's and similarly situated employees' job was a "standing job" because the majority of the tasks they performed during their shifts necessitated standing; as a result, Defendants were not required to provide seating except while the employees were on a meal or rest break.  Summary judgment was denied as to Plaintiff's claimed violation of Wage Order 7-2001(B) because the evidence was insufficient to determine whether the seating provided while on breaks was adequate.

The parties filed a joint motion for reconsideration.  They agreed the seating provided while employees were on breaks was not in dispute, but rather sought a ruling as to whether Wage Order 7-2001(B) required adequate seating be provided to employees during their shifts while not actively engaged in duties requiring standing.  On September 12, 2013, Judge Feess granted the motion for reconsideration and concluded Wage Order 7-2001(B), like subsection (A), only required adequate seating to be provided when employees were on a meal or rest break.  Judgment was entered in favor of Defendants.

Plaintiff filed a notice of appeal of the judgment on October 23, 2013.  In a separate matter, Kilby v. CVS Pharmacy, Inc., 739 F.3d 1192 (9th Cir. 2013), the Ninth Circuit certified questions to the California Supreme Court regarding the interpretation of Wage Order 7-2001 that had direct bearing on the matters on appeal in this action.  The parties stipulated to stay all proceedings until the California Supreme Court resolved the questions certified in Kilby; the Ninth Circuit granted the stay on January 29, 2014.  The California Supreme Court resolved the certified questions on April 4, 2016.  Kilby v. CVS Pharmacy, Inc., 63 Cal. 4th 1 (2016).  Thereafter, the Ninth Circuit lifted the stay of the appeal and the parties engaged in settlement negotiations and private mediation.  The parties ultimately reached a settlement on November 9, 2016.

On January 13, 2017, the Ninth Circuit remanded the appeal "to the district court for the limited purpose of enabling the district court to rule on the parties' proposed settlement agreement."  (Dkt. No. 103.)  The Court ordered the parties to file their joint motion for settlement approval no later than February 20, 2017.  The parties filed the instant Motion on February 17, 2017.

On March 3, 2017, the Court entered an order inviting the State of California's Labor and Workforce Development Agency ("LWDA") to file a response to the Motion by March 13, 2017 and ordered Plaintiff to serve a copy of the order on LWDA.  Plaintiff complied and served the Court's Order on LWDA by United States mail.  LWDA did not file a response.  Thereafter, on March 16, 2017, Plaintiff filed response, arguing in light of LWDA's failure to file a response, the

Court should "find that the LWDA approves of, and has no objection to, the proposed settlement and to grant the motion to approve the settlement." (Dkt. No. 111.)

I.   **Legal Standard**

California's Private Attorneys General Act of 2004, California Labor Code Section 2698, et seq., "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." Iskanian v. CLS Trans. Los Angeles, LLC, 59 Cal. 4th 348, 360 (2014). "To compensate for the lack of '[a]dequate financing of essential labor law enforcement functions,' the California legislature enacted [] PAGA to permit aggrieved employees to act as private attorneys general to collect civil penalties for violations of the Labor Code." Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 430 (9th Cir. 2015).

California Labor Code section 2699(a) provides:

> any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees . . . .

Cal. Lab. Code § 2699(a). Seventy-five percent of the civil penalties recovered by aggrieved employees under PAGA are distributed to the LWDA, while the remainder is distributed to the aggrieved employees who initiated the PAGA claim. Cal. Lab. Code § 2699(i); see also Cunningham v. Leslie's Poolmart, Inc., No. CV 13-2122 CAS (CWx), 2013 WL 3233211, at *7 (C.D. Cal. Jun. 25, 2013) ("a PAGA plaintiff pursues civil penalties on behalf of the government and receives a twenty-five percent portion of the recovered penalty as a bounty.").

A plaintiff who brings a PAGA claim "does so as the proxy or agent of the state's labor law enforcement agencies." Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009). "Such a plaintiff also owes responsibility to the public at large; they act, as the statute's name suggests, as a private attorney general, and 75% of the penalties go to the LWDA 'for enforcement of labor laws . . . and for education of employers and employees about their rights and responsibilities under this code.'" O'Connor v. Uber Tech., Inc., No. 13-cv-03826 EMC, 2016 WL 4398271, at *18 (N.D. Cal. Aug. 18, 2016) (quoting Cal. Lab. Code § 2699(i)). "This duty imposed upon the PAGA representative is especially significant given that PAGA does not require class action procedures, such as notice and opt-out rights." Id.

An action brought under the PAGA is a type of qui tam action. Iskanian, 59 Cal. 4th at 382; see also Cunningham, 2013 WL 3233211, at *7 ("Representative PAGA actions therefore are not a sub-species of class actions. Instead, representative PAGA actions are better characterized as a type of 'qui tam' action.").

"The superior court shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Lab. Code. § 2699(l).  In evaluating the settlement of a PAGA claim, the Court must consider whether the proposed settlement terms are fair and adequate in light of the stated purpose of PAGA.  See O'Connor, 2016 WL 4398271, at *18 ("the Court must evaluate . . . the adequacy of the settlement in view of the purposes and policies of PAGA."); Syed v. M-I LLC, No. 1:12-cv-01718-DAD-MJS, 2017 WL 714367, at *13 (E.D. Cal. Feb. 22, 2017) (concluding "the settlement amount related to plaintiffs' PAGA claims is fair, reasonable, and adequate in light of the public policy goals of PAGA.").

### III.  Discussion

Here, the primary terms of the parties' proposed settlement are as follows.  The total amount of the settlement is $700,000, consisting of $340,000 in PAGA penalties and $360,000 in attorneys' fees and costs to be paid to Plaintiff's counsel.  (See Mot. at 7-8; Jardini Decl. at Exh. 4.)  The PAGA penalties will be divided, such that 75% or $255,000 will be paid to LWDA directly and 25% or $85,000 will be paid to Plaintiff as the PAGA representative.  (Id.)  Defendants also represent they have changed their seating policies, consistent with the Kilby decision.  (Id.)

The Court first evaluates the proposed PAGA penalty.  California Labor Code Section 2699(f) sets forth the formula to calculate civil PAGA penalties: $100 is assessed for each aggrieved employee per pay period for the initial violation and $200 is assessed for each aggrieved employee per pay period for each subsequent violation.  Cal. Lab. Code § 2699(f).  In discovery responses, Defendants claimed the total number of employees similarly situated to Plaintiff, i.e., those who could be considered "aggrieved employees" for purposes of calculating PAGA penalties, was 8,818.  (Jardini Decl. at ¶ 26.)  Plaintiff's counsel estimated there were 10,000 "aggrieved employees."  (Id.)  Preliminarily, there is no evidence before the Court to demonstrate over how many pay periods the violations spanned and it is unclear whether the violations were classified as initial only or initial and subsequent, thereby triggering the higher penalty for subsequent violations.  Even if the violation took place over one pay period and would have been classified as only an initial violation, using Defendants' lower number of 8,818 aggrieved employees, the total statutory penalty would be $881,800.  Accordingly, using either Defendants' or Plaintiff's number of "aggrieved employees," it appears the proposed $340,000 PAGA penalty is significantly less than the statutory maximum PAGA penalty that could be assessed here.

Although the proposed PAGA penalty is less than the statutory maximum penalty, the Court finds it reasonable and fair.  See, e.g., Lane v. Facebook, Inc., 696 F.3d 811, 819 (9th Cir. 2012) ("the question whether a settlement is fundamentally fair . . . is different from the question whether the settlement is perfect in the estimation of the reviewing court.").  The parties reached the settlement agreement as to the proposed penalty after months of negotiations, including an all-day mediation session before the Honorable Dickran M. Tevrizian, ret.  The parties acknowledge "this case posed difficult challenges in negotiation because the amount of the likely penalties was not easily ascertainable.  Given that Kilby was only recently decided, there was no

body of verdicts or settlements to refer to for comparison." (Jardini Decl. at ¶ 24.) Moreover, the Court finds persuasive that LWDA was invited to file a response to the proposed settlement agreement in this case and elected not to file any objections or opposition thereto. The Court infers LWDA's non-response is tantamount to its consent to the proposed settlement terms, namely the proposed PAGA penalty amount. The primary purpose of PAGA, i.e., the empowerment of aggrieved employees to act as private attorneys general to collect civil penalties from their employers for Labor Code violations, is served by the proposed PAGA penalty in the parties' settlement agreement. See Cal. Lab. Code. § 2699(l); O'Connor, 2016 WL 4398271, at *18; Syed, 2017 WL 714367, at *13.

Turning to the proposed payment of $25% of the PAGA penalty to Plaintiff, the Court finds this term reasonable as well. The PAGA representative is entitled to recover 25% of the PAGA penalty. See Cal. Lab. Code § 2699(i); Cunningham, 2013 WL 3233211, at *7.

Finally, the Court finds reasonable the proposed settlement of Plaintiffs' attorneys' fees and costs. See Cal. Lab. Code §2699(g)(1) ("[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs"). Plaintiff's counsel at the law firms Knapp, Peterson & Clarke and the Law Office of Robert L. Starr, APC have submitted their detailed credentials and relevant litigation experience. (Jardini Decl. at ¶¶ 33-66; Starr Decl. at ¶¶ 3-5.) The total fees incurred by Knapp, Peterson & Clarke to represent Plaintiff in this action exceeded $414,087.00, for 748.7 work hours at an average hourly rate of $455.33. (Jardini Decl. at ¶ 58.) The proposed settlement of Plaintiff's attorneys' fees and costs is approximately $54,000 less than the fees accrued by Knap, Peterson & Clarke alone, not counting the fees accrued by Robert L. Starr or any of the costs incurred. In this action, Plaintiff's counsel have engaged in significant pre-filing investigation, formal and informal discovery, significant motion practice, and an appeal, spanning six years, as summarized supra. In light of the foregoing, the proposed settlement of Plaintiffs' attorneys' fees and costs in the amount of $360,000 is reasonable.

The Court hereby finds the proposed settlement agreement is fair and reasonable in light of the purpose of PAGA. See Cal. Lab. Code. § 2699(l); O'Connor, 2016 WL 4398271, at *18; Syed, 2017 WL 714367, at *13.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion and approves the parties' proposed settlement.

**IT IS SO ORDERED.**